PER CURIAM.
Based upon a preliminary review of the record in these consolidated cases, we noticed a probable lack of jurisdiction resulting from the failure of appellant, Loyd C. Fox, to timely perfect his appeal. The court apprised appellant of this fact by certified mail and ordered him to show cause within fifteen days why his appeal should not be dismissed. This delay has expired and appellant has not responded.
From a thorough review of the record, we conclude this court lacks jurisdiction' and the appeal must be dismissed.
In each case the record reveals the following chronology of events: judgment was rendered October 13, 1975; devolutive appeal granted on February 13, 1976; appeal bond filed on February 24, 1976. Defendant did not apply for a new trial. Notice of judgment was not required. Code of Civil Procedure Article 1913.
Code of Civil Procedure Article 2087 provides in part:
Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the ap-licant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914. (Emphasis supplied)
Since defendant did not timely perfect his appeal, each case is dismissed ex proprio motu. Code of Civil Procedure Article 2162 and Uniform Rules, Courts of Appeal, Rule 7, § 5(c).
Appeals dismissed at appellant’s cost.